IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

EDUARDO PONCE-SERRANO (01),

                Defendant.

Case No. 16-40006-01-DDC

**MEMORANDUM AND ORDER**

Defendant Eduardo Ponce-Serrano has filed a pro se[1] Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking 365 days of "earned time" credits because he wasn't able to participate in recidivism reduction programming. Doc. 52 at 1–3. Mr. Ponce-Serrano also seeks a reduced sentence under Amendment 821 of the United States Sentencing Guidelines. *Id.* at 3–4. The government filed a Response. Doc. 54. The court lacks jurisdiction over Mr. Ponce-Serrano's motion and thus dismisses it for reasons explained below. The court also denies Mr. Ponce-Serrano's request that the court appoint him counsel.

**I.    Background**

On May 23, 2016, Mr. Ponce-Serrano entered a guilty plea (Doc. 15) to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On December 14, 2016, a federal probation officer

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

prepared a Second Amended Presentence Investigation Report (PSR).  Doc. 27.  Based on the quantity of drugs attributed to him—38.35 kilograms of methamphetamine—the PSR determined that Mr. Ponce-Serrano had a base offense level of 36.  *Id.* at 11 (PSR ¶ 41).  The PSR added two points because Mr. Ponce-Serrano was responsible for his co-conspirator's firearms.  *Id.* (PSR ¶ 42).  Two more points were added because the methamphetamine was imported from Mexico.  *Id.* (PSR ¶ 43).  The PSR added two points under Guideline § 3B1.1(c) because Mr. Ponce-Serrano was an organizer or leader of the crime.  *Id.* at 12 (PSR ¶ 45).  The PSR deducted three points because Mr. Ponce-Serrano accepted responsibility and timely notified authorities of his intent to enter a plea.  *Id.* (PSR ¶¶ 49–50).  Based on the 2015 Guidelines Manual, Mr. Ponce-Serrano had a total offense level of 39.  *Id.* (PSR ¶ 51).

Mr. Ponce-Serrano's criminal history produced zero criminal history points, establishing a criminal history category of I.  *Id.* at 13 (PSR ¶ 55).  "Based upon a total offense level of 39 and a criminal history category of I, the guideline imprisonment range [was] 262 months to 327 months."  *Id.* at 17 (PSR ¶ 77).  The parties' binding plea agreement recommended a sentence within the guideline range determined to be appropriate by the federal probation officer.  Doc. 15 at 4 (Plea Agreement).  On December 19, 2016, the court sentenced Mr. Ponce-Serrano to imprisonment for 192 months and five years of supervised release.  Doc. 33 at 2, 3.  Mr. Ponce-Serrano currently is serving his sentence at a federal correctional institution in Yazoo City, Mississippi.  *See* Doc. 52 at 5.

In his § 2241 motion, Mr. Ponce-Serrano contends that he is entitled to 365 days of retroactive credit for programs he was not permitted to participate in because of his conviction.  Doc. 52 at 1–3.  Mr. Ponce-Serrano also asserts Amendment 821 to §§ 4A1.1 and 4C1.1 of the United States Sentencing Guidelines applies to his December 2016 sentence and reduces his

criminal history points and offense level. *Id.* at 3–4. The court addresses Mr. Ponce-Serrano's motion, but first, recites the governing legal standards.

## II.      Legal Standards

Mr. Ponce-Serrano seeks habeas relief under § 2241 and a reduced sentence under Amendment 821 to the Sentencing Guidelines. The court addresses both legal standards, starting with his habeas request.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "To grant habeas relief within its jurisdiction, the district court must have jurisdiction over the [prisoner's] custodian." *Chappell v. Colorado*, No. 24-1033, 2024 WL 2973701, at *2 (10th Cir. June 13, 2024) (citation and internal quotation marks omitted). So, a petitioner must file a § 2241 motion attacking the execution of his sentence "'in the district where he is incarcerated[.]'" *United States v. Shaw*, 508 F. App'x 769, 772 (10th Cir. 2013) (quoting *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002)).

District courts also have limited jurisdiction to amend defendants' sentences. "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Mr. Ponce-Serrano asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 52 at 3–4.

Amendment 821 to the Sentencing Guidelines made two major changes. Part A limits the effect of status points on the criminal history calculation. U.S. Sent'g Guidelines Manual § 4A1.1 (U.S. Sent'g Comm'n 2023). Part B establishes a new section that benefits so-called zero-point offenders. *Id.* § 4C1.1. Mr. Ponce-Serrano invokes both parts. The court addresses both Part A and B, below, after its § 2241 habeas analysis.

### III.    Analysis

Mr. Ponce-Serrano filed a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he "was awarded time credits and they were taken away." Doc. 52 at 3. He seeks 365 days of retroactive earned time credits for recidivism reduction programming. *Id.* The government responds that the court lacks jurisdiction to address Mr. Ponce-Serrano's argument because he "is currently incarcerated at FCI Yazoo City in the Southern District of Mississippi." Doc. 54 at 2. The government is right. The court only has jurisdiction to grant habeas relief to defendants incarcerated in its jurisdiction—the District of Kansas. *Padilla*, 542 U.S. at 442. Since Mr. Ponce-Serrano is incarcerated in the jurisdiction of the Southern District of Mississippi, this court lacks jurisdiction to grant Mr. Ponce-Serrano relief under § 2241. *Shaw*, 508 F. App'x at 772. The court thus dismisses Mr. Ponce-Serrano's motion for relief (Doc. 52). *See Al-Pine v. Richerson*, 763 F. App'x 717, 721 n.4 (10th Cir. 2019) (remanding to district court to dismiss for lack of jurisdiction because prisoner filed § 2241 petition in the wrong district).

Mr. Ponce-Serrano also seeks relief under Amendment 821 to the Sentencing Guidelines. Doc. 52 at 3–4. Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points." U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S.

4

Sent'g Comm'n 2023). The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* But here, Mr. Ponce-Serrano received no status points. *See generally* Doc. 27. So, Amendment 821 to § 4A1.1(e) doesn't apply to Mr. Ponce-Serrano.

Part B of Amendment 821, also effective November 1, 2023, reduces a defendant's offense level by two for certain defendants with zero criminal history points. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

Mr. Ponce-Serrano is a zero-point offender. *See* Doc. 27 at 13 (PSR ¶ 55). But he loses his bid for a reduced sentence at subsection (a)(10), which requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[.]" U.S. Sent'g Guidelines Manual § 4C1.1(a)(10) (U.S. Sent'g Comm'n 2023). Mr. Ponce-Serrano received a two point enhancement under Guideline § 3B1.1(c) because he "was an organizer, leader, manager, or supervisor[.]" Doc. 27 at 12 (PSR ¶ 45).

In short, the new § 4C1.1 added to the Sentencing Guidelines doesn't apply to Mr. Ponce-Serrano. Because Mr. Ponce-Serrano's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Ponce-Serrano's motion (Doc. 52). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

6

Finally, Mr. Ponce-Serrano's motion also asks the court to appoint him counsel for his Amendment 821 request. Doc. 52 at 4. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Our court appointed the Office of the Federal Public Defender to help eligible defendants seek relief under Amendment 821. *See* D. Kan. S.O. 23-03. The court forwarded Mr. Ponce-Serrano's motion to the FPD, Doc. 55, and the FPD declined to enter an appearance, Doc. 56. The court, in its discretion, denies Mr. Ponce-Serrano's request for counsel.

### IV.     Conclusion

The court is without jurisdiction to consider Mr. Ponce-Serrano's current motion. Thus, the court dismisses Mr. Ponce-Serrano's motion for lack of jurisdiction. The court also denies his request to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ponce-Serrano's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c)(3) and Status Point Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Amendment 821 (Doc. 52) is dismissed.

**IT IS FURTHER ORDERED THAT** Mr. Ponce-Serrano's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of July, 2024, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**